UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT<br>OF LABOR,<br><br>          Plaintiff,<br><br>     v.<br><br>ANGELS FOR KIDS ON CALL, INC.,<br>ELIZABETH VALENCIA, an individual,<br>YENCY MARULANDA, an individual,<br>and JOSE CORA, an individual,<br><br>          Defendants. | CASE NO.: _____-cv_____<br><br><br><br><br><br><br><br><br><br><br><br>**C O M P L A I N T**<br>**(Injunctive Relief Sought)** |

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("the Secretary"), brings this action for injunctive and other appropriate relief pursuant to the provisions of Section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651, *et seq.*, (the "Act)."

1. Jurisdiction over this action is conferred upon the Court by § 11(c)(2) of the Act, 29 U.S.C. § 660(c)(2).

2. This action is brought by the Secretary pursuant to authority granted by Section 11(c)(2) of the Act, 29 U.S.C. § 660(c)(2).

3. At all relevant times, Defendant Angel for Kids on Call, Inc. ("AKC") has been a person within the meaning of § 3(4) of the Act, 29 U.S.C.

§ 652(4), and an employer engaged in a business affecting commerce within the meaning of § 3(5) of the Act, 29 U.S.C. § 652(5).

4. At all relevant times, Defendants Elizabeth Valencia ("Valencia"), Yency Marulanda ("Marulanda"), and Jose Cora ("Cora") have each been a person within the meaning of § 3(4) of the Act, 29 U.S.C. § 652(4) .

5. Defendant AKC is a corporation with headquarters at 7550 Futures Drive Suite 104-105 Orlando, Florida 32819 and is, therefore, within the jurisdiction of this Court. Further, all of Defendants' actions listed in this Complaint took place in Orlando, Florida.

6. Defendant Valencia, at all times material to this action, was AKC's Chief Executive Officer. Valencia held the ultimate supervisory authority with regard to AKC employees, including the employee at issue in this case.

7. Defendant Marulanda, at all times material to this action, was a Supervisor for AKC and had authority to recommend termination and/or participate in termination decisions. Marulanda was the immediate supervisor of the employee at issue in this case.

8. Defendant Cora, at all times material to this action, was the Director of Human Resources for AKC. Cora held authority to terminate the employee at issue in this case.

9. Defendant AKC is a behavioral health clinic that provides psychological case management and medical services for children with mental illnesses, substance abuse disorders, and developmental disabilities.

10. From approximately January 24, 2017 until February 8, 2017, AKC employed Natalia Rivera ("Rivera") as a receptionist.

11. Rivera was an employee of AKC within the meaning of § 3(6) of the Act, 29 U.S.C. § 652(6).

12. Rivera holds a bachelor's degree in psychology and a master's degree in Human Rights. On information and belief, Rivera has worked in the mental health field since 2008.

13. On approximately February 7, 2017, while at AKC, Rivera was seated at her desk, which separated the waiting room from the entrance to the treatment area. The waiting area is small in size and contained only six chairs.

14. During the time Rivera worked at AKC, AKC had a single psychiatrist, who only saw patients two days a week.

15. During the time Rivera worked at AKC, AKC booked the psychiatrist's schedule with approximately fifty patients per day.

16. On February 7, 2017, the waiting area was filled beyond capacity. Patients and their families waited 90 minutes or longer beyond their scheduled appointment times to see the psychiatrist.

17. On February 7, 2017, at approximately 8:00 p.m., a patient's father approached Rivera and inquired about the wait time. Rivera informed him that three or four patients were ahead of his family. The patient's father then became irate and began screaming at Rivera and threatened to throw his shoe at Rivera.

18. As a result of the father's behavior described in Paragraph 17, Rivera felt intimidated and was afraid to walk to her vehicle when her shift ended at approximately 10:00 p.m. Rivera feared that the patient's father would be waiting outside for her.

19. The next day, February 8, 2017, Rivera submitted a letter describing the incident with the patient's father and outlining her safety concerns to the owner of the company, Valencia, and her immediate supervisor, Marulanda, in accordance with AKC policy. Rivera stated in her letter, "Employees in Florida are guaranteed the right to a safe workplace environment under Florida state law and federal laws. Workplace(s) must be free from dangerous elements that might cause physical or mental injury or even death. I have stepped forward on behalf of my own security and physical and moral integrity. I respectfully request remedies to this situation and also direction in this matter."

20. At the conclusion of Rivera's eight-hour shift of the same day, Rivera was called into a meeting with Valencia, Marulanda, and Cora. Marulanda

informed Rivera that she had to be terminated based on the letter she submitted, and Rivera's termination was effective immediately.

21. At the same meeting, Valencia, Marulanda, and Cora informed Rivera that if any available/suitable position for Rivera was identified, they would contact her and that AKC would maintain Rivera's resume in active status and, when a new opening that suited her professional experience became available, Rivera would be the first option considered.

22. On approximately February 9, 2017, Rivera filed a complaint with the United States Secretary of Labor, Occupational Safety and Health Administration (OSHA), alleging that her termination violated the Act.

23. Upon receipt of such complaint, OSHA conducted an investigation pursuant to § 11(c)(2) of the Act. OSHA initiated its process by informing AKC of the complaint. OSHA sent this notice via certified mail. AKC received OSHA's notice of the complaint on March 7, 2017.

24. After OSHA notified AKC of Rivera's complaint to OSHA, a position became available in AKC's billing department. However, Defendants did not consider Rivera for the position.

25. AKC explained to OSHA that Complainant was not offered a position in the billing department because Complainant had already filed a complaint with OSHA.

26. AKC knew that Rivera reported unsafe working conditions in her letter as Valencia and Marulanda admit receiving the letter on approximately February 8, 2017.

27. AKC knew that Rivera filed a complaint with the United States Department of Labor because, as stated above, OSHA notified AKC of Rivera's complaint and AKC responded to OSHA and participated in the investigation.

28. Based on its investigation, OSHA determined that Defendants had violated § 11(c)(1) of the Act in two ways: first, in terminating Rivera; and, second, in not considering her for the position in the billing department.

29. Accordingly, by the actions described in paragraphs 3 to 28 above, Defendants discriminated against Rivera, in violation of §11(c)(1) of the Act, 29 U.S.C. § 660(c)(1), as follows:

   a. Defendants terminated Rivera because she filed a complaint about unsafe conditions with her employer; and

   b. Defendants failed to rehire Rivera or consider her for rehire because she filed a complaint of unlawful termination with the United States Department of Labor.

30. As a result of Defendants' unlawful discrimination, Rivera suffered loss of wages, other financial losses, and emotional distress.

31. Defendants' actions are likely to discourage other employees from reporting unsafe conditions.

WHEREFORE, cause having been shown, the Secretary prays the Court to enter an Order:

(1) Finding that Defendants AKC, Valencia, Marulanda, and Cora discriminated against Rivera in violation of § 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1);

(2) Permanently enjoining AKC, Valencia, Marulanda, Cora, and their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of § 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1);

(3) Directing AKC to make Rivera whole through payment of her lost wages, and other benefits suffered by reason of such unlawful discrimination, plus interest calculated at the rate set forth in the Internal Revenue Code section 6621, 26 U.S.C. § 6621;

(4) Directing Valencia, in her personal capacity, Marulanda, in her personal capacity, and Cora, in his personal capacity, to make Rivera whole through payment of her lost wages and other workplace benefits, suffered by reason of such unlawful discrimination, plus interest calculated at the rate set forth in the Internal Revenue Code section 6621, 26 U.S.C. § 6621;

(5) Directing AKC to pay Rivera compensatory damages, including for emotional distress, for other harms that she has suffered as a result of Defendants' unlawful conduct;

(6) Directing Valencia, in her personal capacity, Marulanda, in her personal capacity, and Cora, in his personal capacity, to pay Rivera compensatory damages, including for emotional distress, for other harms that she has suffered as a result of Defendants' unlawful conduct;

(7) Directing AKC to offer reemployment to Rivera in a position Rivera is capable of performing with comparable pay and benefits to her last position with AKC, plus any raises issued since her termination;

(8) Directing AKC, Valencia, in her personal capacity, Marulanda, in her personal capacity, and Cora in his personal capacity, to pay Rivera front pay in lieu of reinstatement, if the Court determines that the employment relationship between the parties has been irrevocably broken or for other extenuating circumstances as determined by the Court;

(9) Directing AKC to expunge any records with respect to Rivera's termination;

(10) Directing AKC to post a notice for its employees stating AKC will not in any manner discriminate against employees because of their engagement in activities protected under the Act;

(11) Directing AKC to provide training for all of its employees, management and non-management, about workers' rights under the Act including, but not limited to, the Act's anti-retaliation provision;

(12) Granting Rivera a reasonable amount of punitive damages;

(13) Granting the Secretary his costs; and

(14) Ordering such other appropriate relief as may be necessary or appropriate.

|  |  |
|---|---|
| <u>ADDRESS</u>: | Respectfully submitted, |
|  | ELENA S. GOLDSTEIN<br>Deputy Solicitor |
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303 | TREMELLE I. HOWARD<br>Regional Solicitor<br><br>CHARNA C. HOLLINGSWORTH-MALONE<br>Civil Rights Counsel |
| Telephone:<br> (404) 302-5467<br> (404) 302-5438 (FAX)<br>Murray.Winfield.W@dol.gov<br>Miller.daniel.p@dol.gov<br>ATL.FEDCOURT@dol.gov | By: <u>/s/ Winfield W. Murray</u><br>    WINFIELD W. MURRAY<br>    Trial Attorney<br>    Special Bar No. A5502618<br><br>Office of the Solicitor<br>U. S. Department of Labor<br>Attorneys for Plaintiff |

SOL Case No. 20-00284