UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MARTIN J. WALSH, ) | |
| SECRETARY OF LABOR, ) | Case No. 6:21-cv-738-CEM-LRH |
| UNITED STATES DEPARTMENT ) | |
| OF LABOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANGELS FOR KIDS ON CALL, ) | |
| INC., JOSE CORA, ELIZABETH ) | |
| VALENCIA, and YENCY ) | |
| MARULANDA, ) | |
| ) | |
| Defendants. ) | |

# CONSENT JUDGMENT AND ORDER

Plaintiff Martin J. Walsh, Secretary of Labor, U.S. Department of Labor ("the Secretary") pursuant to his authority to enforce the provisions of Section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651 *et seq*. ("the OSH Act"), filed an action for injunctive and other appropriate relief against Defendants Angel for Kids on Call, Inc. ("AKC"), Jose Cora ("Defendant Cora"), Elizabeth Valencia ("Defendant Valencia"), and Yency Marulanda ("Defendant Marulanda").  Defendants and the Secretary have agreed to resolve all matters in controversy in this action and consent to entry of a Judgment and Order by this Court as described in this Consent Judgment and Order.

A. This Court has jurisdiction over this action pursuant to Section 11(c)(2) of the OSH Act, 29 U.S.C. § 660(c)(2).

B. The Secretary has the authority to initiate legal proceedings to enforce Section 11(c) of the OSH Act. 29 U.S.C. § 660(c)(2).

C. AKC is a person within the meaning of Section 3(4) of the Act, 29 U.S.C. § 652(4), and at all times material hereto has been an employer engaged in mental health services within the meaning of Section 3(5) of the Act, 29 U.S.C. § 652(5).

D. Natalia Rivera ("Complainant Rivera") was employed by AKC as a receptionist from January 24, 2017 through February 8, 2017 and was, therefore, an employee of AKC within the meaning of Sections 3(5) and 3(6) of the Act. 29 U.S.C. §§ 652(5) and (6).

E. The Secretary's Complaint alleges that Defendants terminated Complainant Rivera's employment and failed to consider her for another position after Complainant Rivera reported unsafe working conditions at Defendant AKC in violation of Section 11(c) of the OSH Act, 29 U.S.C. § 660(c).

F. The Secretary's Complaint further alleges Complainant Rivera suffered loss of wages, other financial losses, and emotional stress related to her termination.

G.     The parties admit to the jurisdiction of the Court over them and over the subject matter of this Action. Defendants admit this Court has authority to enforce this Order and is the most appropriate venue for any enforcement action which may be required as a result of this Order, as the alleged violation occurred at the workplace in Orlando, Florida, within the jurisdiction of this Court.

H.     Defendants expressly waive any and all claims of any nature that they have or may have against the Secretary, or any of his officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

I.     Defendants AKC, Valencia, Cora, and Marulanda do not admit to violating §11(c)(1) of the OSH Act, 29 U.S.C. § 660(c)(1) when AKC terminated Complainant Rivera.

J.     This Consent Judgment and Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendants. This Order is not binding upon any government agency or claimant other than the U.S. Department of Labor and only resolves claims arising out of this action as between the Secretary and Defendants.

K.     The Secretary and Defendants expressly waive Findings of Fact and Conclusions of Law, except as otherwise set forth and addressed herein, and

consent to the entry of this Consent Judgment and Order as a full and complete resolution of all claims and issues which were, or might have been, alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is **ORDERED, ADJUDGED AND DECREED**:

1. This Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2. Defendant AKC shall pay to Complainant Rivera the total sum of $2,080.00 as wage-based damages, for which a W-2 tax form shall be issued.

The payment shall be made out to "**Natalia Rivera**" and shall be mailed via FedEx within twenty-one (21) days of entry of this Consent Judgment to the following:

>Natalia Rivera
>10274 NW 88th Terrace
>Doral, Florida 33178

Contemporaneously with mailing, Defendant AKC shall provide to OSHA via email a copy of the payment and tracking information to Lily Colon at colon.lily.k@dol.gov.

If Defendant AKC fails to make the full payment of $2,080.00 within twenty-one (21) days of entry of this Consent Judgment, post-judgment interest

shall be assessed against any remaining unpaid balance of such amount, in accordance with 29 U.S.C. § 1961, from the date of the default until paid in full.

3. If in the future any third party, including any prospective employer of Complainant Rivera, contacts Defendants or officers, agents, employees, or representatives of Defendant AKC regarding a job reference, Defendants shall give at least a neutral job reference. Defendants will provide, if requested, the starting and ending dates of Complainant Rivera's employment, job title, and/or rate of pay, as requested by the person or entity seeking said employment reference. Defendants agree they will neither say nor otherwise convey to any third party anything that could be construed as damaging to the name, character, or employment of Complainant Rivera.

4. Defendant AKC shall immediately post the OSHA <u>Job Safety and Health: It's the Law</u> poster, in both English and Spanish (OSHA 3165-English; OSHA 3167 – Spanish), as well as the OSHA <u>Fact Sheet: Your Rights as a Whistleblower</u>, in both English and Spanish, in a conspicuous place at its Orlando location where notices to employees are customarily posted, and will maintain this posting as required by 29 C.F.R. § 1903.2. As proof of posting, Defendant AKC shall take a picture of the postings and send via email to Lily Colon at colon.lily.k@dol.gov.

5. Defendant AKC shall provide training on Section 11(c) of the OSH Act, to all current supervisory employees and all employees who participate in making personnel decisions, including, but not limited to, disciplinary actions, the transfer and/or termination of employees in its Orlando location. Defendant AKC shall provide the training within sixty (60) days of entry of this Consent Judgment. Attendance logs reflecting the date(s) of the training, the content of the training, and the names of all training attendees, along with the attendees' job titles shall be maintained by Defendant AKC. No later than thirty (30) days after the completion of the training, Defendant AKC shall send a copy of the attendance logs and training materials by e-mail via email to Lily Colon at colon.lily.k@dol.gov.

6. Defendants AKC shall maintain its explicit policy against retaliation for engaging in activity protected by the OSH Act, or other laws that may be applicable to Defendant AKC's employees. Upon his request, a copy of the policy shall be provided to the Secretary.

7. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including, but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

8. Enforcement proceedings for violations of this Consent Judgment may be initiated at any time upon filing with this Court a motion for an order of enforcement and sanctions.

9. Failure by the parties to enforce this Consent Judgment in its entirety or any of its provisions shall not be construed as a waiver of its right to enforce other provisions of the Consent Judgment.

10. If any term of this Consent Judgment is determined by any court to be unenforceable, the other terms of this Consent Judgment shall nonetheless remain in full force and effect.

DONE AND ORDERED in Chambers at Orlando, Florida this _____ day of _____, 2022.

_____
THE HONORABLE CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE